UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GURMANDEEP SINGH,

                   Petitioner,

     v.

MARKWAYNE MULLIN, *et al.*,

                 Respondents.

Case No. C26-1255-MLP

ORDER

Petitioner Gurmandeep Singh, through counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2241, asserting that his detention by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington violates the Fifth Amendment's Due Process Clause. (Dkt. # 1.) Respondents filed a response (dkt. # 5), supported by an unsworn declaration from their counsel, Jordan C. Steveson (dkt. # 7), and a sworn declaration from ICE Enforcement and Removal Operations ("ERO") Officer Harold Britt (dkt. # 6). Petitioner filed a reply. (Dkt. # 8.) For the reasons set forth below, the Court DENIES the petition.[1]

---

[1] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 3.)

ORDER - 1

## I.    BACKGROUND

Petitioner is a native and citizen of India who arrived in the United States and was detained by U.S. Customs and Border Protection ("CBP") on November 6, 2023. (Britt Decl., ¶¶ 3-4.) On November 8, 2023, Petitioner was served with a Notice to Appear, charging him as removable under § 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"), and was released from custody on an Order of Release on Recognizance ("OREC"), with reporting and other conditions. (*Id.*, ¶¶ 5-6.) Petitioner filed an application for asylum on February 2, 2024. (*Id.*, ¶ 8.)

On March 26, 2024, Petitioner reported to ERO Bakersfield and advised that he had moved and was residing in Fresno, California. (Britt Decl., ¶ 9.) ERO enrolled him in Alternatives to Detention ("ATD") and instructed him to report to ERO Fresno on March 27, 2024. (*Id.*) Petitioner failed to report as directed, and ERO deemed him an absconder from ATD. (*Id.*)

On November 8, 2025, Canadian immigration authorities returned Petitioner to the United States after denying him entry to Canada under the Safe Third Country Agreement ("STCA"). (Britt Decl., ¶ 10.) CBP confirmed that Petitioner had pending removal proceedings and had been classified as an ATD absconder, arrested him, and transported him to the NWIPC, where he remains detained under 8 U.S.C. § 1225(b)(2)(A). (*Id.*)

On February 23, 2026, Petitioner, represented by counsel, appeared for a final merits hearing on his application for relief. (Britt Decl., ¶ 11.) The immigration judge denied relief and ordered him removed to India. (*Id.*) Petitioner appealed to the Board of Immigration Appeals on March 20, 2026, and that appeal remains pending. (*Id.*) On April 28, 2026, ERO formally

ORDER - 2

revoked Petitioner's OREC based on his failure to comply with its terms and served him with the revocation. (*Id.*, ¶ 12.)

Petitioner filed this habeas petition on April 13, 2026. (Dkt. # 1.) He contends his detention is unlawful because, "[d]espite detaining Petitioner for over five months, Respondents have not provided him with any individualized bond hearing before a neutral decisionmaker at which the government is required to justify his continued detention based on flight risk or danger to the community." (*Id.*, ¶ 7.) He seeks his release and an injunction preventing Respondents from imposing an ankle monitor absent clear and convincing evidence that such conditions are necessary. (*Id.* at 12.) Respondents counter that, because Petitioner left the United States and was apprehended when he was returned at the border, he is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). (Dkt. # 5 at 4-5.)

## II.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by the preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## III.    DISCUSSION

The detention of noncitizens is governed by §§ 235-36 of the INA, codified at 8 U.S.C. §§ 1225-26. Section 1225 applies to "applicants for admission," defined as a noncitizen "present in the United States who has not been admitted or who arrives in the United States[.]" 8 U.S.C. § 1225(a)(1). With limited exceptions, such applicants "seeking admission . . . shall be detained" pending a decision in removal proceedings unless they are "clearly and beyond a doubt entitled

ORDER - 3

to be admitted[.]" § 1225(b)(2)(A). Where § 1225 does not apply, 8 U.S.C. § 1226(a) sets the "default rule," authorizing discretionary detention of noncitizens "already present in the United States." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018).

Petitioner argues that, because he has been in the United States since November 2023 under an OREC, his detention is governed by § 1226, not § 1225, and cites several cases applying *Mathews v. Eldridge*, 424 U.S. 319 (1976), to redetention of noncitizens. (Dkt. # 1 at 8-10 (citing, *e.g.*, *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316 (W.D. Wash. 2025)); dkt. # 8 at 5.) Petitioner, however, was not redetained while residing in the interior; he was inspected at a port of entry. As another court in this District held in materially similar circumstances, a noncitizen "detained at a port of entry while attempting to re-enter the United States" after a brief foray into Canada was "seeking admission" to the United States, even though he had previously lived in the United States for years. *Mohan v. Noem*, 2026 WL 764176, at *3 (W.D. Wash. Mar. 18, 2026). Petitioner attempts to distinguish *Mohan* based on his prior OREC and period of community residence (dkt. # 8 at 5), but *Mohan* turned on where the petitioner was apprehended and how he was processed. "Because Petitioner was seeking admission to the country when he was detained at a port of entry, his mandatory detention pursuant to § 1225(b)(2)(A) does not violate the INA or his due process rights." *Mohan*, 2026 WL 764176, at *3; *see Jennings*, 583 U.S. at 287 (noting that the immigration process "generally begins at the Nation's borders and ports of entry, where the Government must determine whether a[ noncitizen] seeking to enter the country is admissible."). Petitioner cites no authority holding that an STCA return places a noncitizen outside § 1225's framework. *Cf. Mohan*, 2026 WL 764176, at *3 (petitioner was subject to mandatory detention after he was refused entry into Canada and referred to U.S. immigration authorities); *Kumar v. Dep't of Homeland Sec.*, Case No. C26-830-MLP, dkt. # 18

ORDER - 4

(petitioner who was involuntarily returned to the United States from Canada was properly detained under § 1225).

Petitioner also faults Respondents for delaying formal revocation of his OREC until April 28, 2026, and invokes *Morrissey v. Brewer*, 408 U.S. 471 (1972), to argue that revocation of a "conditional liberty interest" requires notice and a hearing. (Dkt. ## 1 at 7-8, 11; 8 at 4-5.) *Morrissey*, however, addressed parole revocation in the criminal context and did not involve noncitizens stopped at the border seeking admission. *Id.* at 482. And while the timing of the OREC revocation may reflect less than ideal administrative practice, the dispositive question is whether Petitioner's current confinement violates the Constitution or laws of the United States. Because his detention is independently authorized by § 1225(b)(2)(A) as an applicant for admission, a delay in updating his paperwork does not render that otherwise lawful detention unconstitutional.

Finally, Petitioner contends for the first time in his reply that, under the six-factor analysis of *Banda v. McAleenan*, 385 F. Supp. 3d 1099 (W.D. Wash. 2019), his detention has become unreasonably prolonged. (Dkt. # 8 at 11-12.) "The district court need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007); *Calderon v. Noem*, 2025 WL 3754042, at *4 (W.D. Wash. Dec. 29, 2025).

### IV.    CONCLUSION

For the foregoing reasons, the Court DENIES the petition for a writ of habeas corpus (dkt. # 1).

Dated this 5th day of May, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 5